United States District Court
Southern District of Texas
**ENTERED**
April 25, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| TEXAS TAMALE COMPANY, INC., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-3341 |
| | § | |
| CPUSA2, LLC, | § | |
| D/B/A TEXAS LONE STAR TAMALES | § | |
| *Defendant.* | § | |

## SUMMARY JUDGMENT ORDER

Pending before the Court in this trademark infringement case is Plaintiff's Motion for Summary Judgment. ECF 40.[1] Defendant did not file a timely response as required by the Local Rules of the Southern District of Texas 7.3 and 7.4. The Court conducted a hearing on the record in open court on April 25, 2023, at which counsel for Defendant appeared and argued, but the Court did not permit the late introduction of evidence that was not in the record. Having considered Plaintiff's Motion, the evidence in the record, argument of counsel at the hearing, and the applicable law, the Court orders Plaintiff's Motion be GRANTED.

## I. Factual and Procedural Background

The facts set forth herein are supported by Plaintiff's evidence and are

---

[1] The parties consented to the jurisdiction of the undersigned magistrate judge for all purposes including entry of final judgment. ECF 27.

undisputed.  *See Safeco Insurance Co. of America v. Progressive Cty. Mut. Ins. Co.*, No. 4:21-CV-03297, 2022 WL 2818751, at *1 (S.D. Tex. July 19, 2022) (citing *Morgan v. Federal Express Corp*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) and *Eversley v. MBank of Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (holding that although it is not appropriate to grant a Motion for Summary Judgment based on the non-movant's failure to respond, the Court may consider the movant's statement of facts to be undisputed.).[2]

Plaintiff has used the trademarks "TEXAS TAMALE" and "TEXAS TAMALE COMPANY" (the Marks) since approximately 1985 in connection with the sale of Mexican-style food products and services in retail stores and on its website www.texastamale.com.  ECF 40-12 ¶ 3.  Plaintiff registered the Marks with the United States Patent Office in 2006.  *Id.* ¶ 4; ECF 40-1.

---

[2] Plaintiff has also submitted evidence in the form of deemed admissions because Defendant did not serve timely responses to Plaintiff's Requests for Admissions.  ECF 40-6.  Under Federal Rule of Civil Procedure 36(a)(3), Plaintiff's Requests were deemed admitted 30 days after service.  Although Defendant eventually filed responses 111 days after service, a matter admitted "is conclusively established under the court on motion, permits the admission to be withdrawn of amended."  FED. R. CIV. P. 36(b).  Defendant has not moved to withdraw its admissions.  Therefore, Defendant has admitted that Plaintiff owns the registered Marks, that it has used the registered marks, and that it has received inquiries from consumers that reflect confusion as to the association between Plaintiff's products and Defendant's products.  ECF 40-6.  Defendant's admissions provide further evidence in support of Plaintiff's Motion for Summary Judgment.  *See Poon-Atkins v. Sappington*, No. 21-60467, 2022 WL 102042, at *1 (5th Cir. Jan. 10, 2022) (holding that Rule 36 "unambiguously" requires dismissal on summary judgment when party failed to respond to requests for admissions).

In late 2014, Plaintiff became aware that Defendant CPUSA2, LLC d/b/a Texas Lone Star Tamales was using the mark "THE TEXAS TAMALE WAREHOUSE" in connection with the online sales of tamales. ECF 40-12, ¶5; ECF 40-2.  After Plaintiff initiated enforcement efforts, Defendant changed its name from "THE TEXAS TAMALE WAREHOUSE" to "TEXAS LONE STAR TAMALES."  ECF 40-2 at 13.  Nonetheless, in 2020, Plaintiff became aware that Defendant was using Plaintiff's Marks in online tamale advertisements and in Google AdWords, which placed Defendant's products above Plaintiff's products in search results for the phrase "Texas Tamale." ECF 40-12, ¶ 6; ECF 40-3. Plaintiff contacted Defendant in May 2020, January 2021, and August 2021 to demand that Defendant cease and desist use of "TEXAS TAMALE" or any similar mark.  ECF 40-8; ECF40-9; ECF 40-10.  Defendant did not respond to Plaintiff's cease and desist requests or stop using "TEXAS TAMALE" in its marketing. *See* ECF 40-3; 40-4.

On October 12, 2021, Plaintiff filed a Complaint asserting claims against Defendant for (1) trademark infringement under the Lanham Act, 15 U.S.C. § 114 and Texas common law; (2) unfair competition under the Lanham Act, 15 U.S.C. § 1125(a) and Texas common law; and (3) a permanent injunction prohibiting Defendant from "(i) making further use of the designation "TEXAS TAMALE"

3

or "TEXAS TAMALES" in connection with buying keyword ads in connection with any internet search engine, and (ii) using the TEXAS TAMALE Mark in ad copy or other marketing materials that may be viewed by consumer[s]." ECF 1 at 7-8.

On February 15, 2022, the Clerk entered Default due to Defendant's failure to respond to the Complaint. ECF 19. The Court subsequently vacated the entry of default on Defendant's motion, ECF 31, but denied Defendant's Motion to Dismiss. ECF 34. On November 13, 2022, Defendant finally filed an Answer to the Complaint and asserted counterclaims for declaratory judgment of non-infringement and for cancellation of registration of Plaintiff's Marks on grounds that they are generic and descriptive without secondary meaning and, therefore, invalid. ECF 35.

On March 6, 2023, Plaintiff filed a Motion for Summary Judgment, supported by evidence, seeking summary judgment that: "(i) Defendant has infringed Plaintiff's Marks in violation of 15 U.S.C. § 1114(1); (ii) Defendant has infringed Plaintiff's Marks in violation of Texas common law; (iii) Defendant's counterclaim for a declaration of non-infringement (Counterclaim Count I) fails as a matter of law; and (iv) Defendant's counterclaim for cancellation of Plaintiff's Marks fails as a matter of law (Counterclaim Count II)." ECF 40 at 2. As noted

above, Defendant did not file a timely response.

## II. Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). If the party moving for summary judgment bears the burden of proof on an issue, the movant must "establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclu[sory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

### III. Analysis

#### A. Trademark Infringement

##### 1.  Legal Standards

Plaintiff alleges trademark infringement under both the Lanham Act, 15 U.S.C. § 1114, and Texas common law.  ECF 1 at ¶ 26.  Because the issues in a trademark infringement claim are the same under Texas common law and the Lanham Act, the Court will analyze the motion to dismiss both claims under the Lanham Act standards.  *All Am. Builders, Inc. v. All Am. Sliding of Dallas, Inc.*, 991 S.W.2d 484, 488 (Tex. App.—Fort Worth 1999, no pet.) ("The issues in a common law trademark infringement action under Texas law are no different than those under federal trademark law.").  To state a claim for trademark infringement, a plaintiff must show (i) that it possesses a legally protectable mark, and (ii) that defendant's use of the trademark creates a likelihood of customer confusion as to source, affiliation, or sponsorship.  *Jones v. Am. Council on Exercise*, 245 F. Supp. 3d 853, 859 (S.D. Tex. 2017).

##### 2.  Plaintiff's Marks are legally protectable.

A legally protectable mark "must be distinctive, either inherently or by achieving secondary meaning in the mind of the public."  *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008).  Registration with the

PTO is prima facie evidence of protectability. *T-Mobile US, Inc. v. AIO Wireless LLC*, 991 F. Supp. 2d 888, 909 (S.D. Tex. 2014); *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 237 (5th Cir. 2010) ("Registration of a mark with the PTO constitutes prima facie evidence of the mark's validity and the registrant's exclusive right to use the registered mark in commerce with respect to the specified goods or services."). A word mark, such as "TEXAS TAMALE COMPANY" and "TEXAS TAMALE," that is registered under 15 U.S.C. § 1052(f) carries a presumption that the mark has acquired secondary meaning. *Alliance for Good Gov't v. Coal. for Better Gov't*, 901 F.3d 498, 508 (5th Cir. 2018) (noting that § 2(f) of the Lanham Act allows registration based on evidence that the mark has "become distinctive" and therefore the "presumption of validity that attaches to a § 2(f) registration includes a presumption that the registered mark has acquired distinctiveness, or secondary meaning, at the time of its registration."). Moreover, the Lanham Act provides a mechanism for a registered mark to become incontestable if it has been in continuous use for at least 5 consecutive years. 15 U.S.C. § 1065; *See American Rice, Inc.*, 518 F.3d at 331 n.29 (citing *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 201 (1985)). An incontestable mark carries an even greater presumption and may not be challenged on grounds that it is merely descriptive. *Park 'N Fly, Inc.*, 518 F.3d. at 196-97, 205; *Gibson Brands,*

7

*Inc. v. Armadillo Dist. Enter., Inc. et al*, No. 4:19-CV-00358, 2023 WL 2815156, at *7 (E.D. Tex. Apr. 6, 2023) (holding that an action for infringement of an incontestable mark may only be defended on one of the grounds set forth in 15 U.S.C. § 1115(b), such as fraud or abandonment).

The uncontested evidence shows that Plaintiff possesses the registered trademarks "TEXAS TAMALE" and "TEXAS TAMALE COMPANY" for use in connection with the sale of Mexican-style food products and services, including but not limited to tamales.[3] ECF 40 at 2-3; ECF 40-1 at 1-3; ECF 40-12. Plaintiff has used the Marks continually since 1985 and obtained registration under § 2(f) of the Lanham Act in 2006. *Id.* Plaintiff represents that the Marks have been in continuous use in commerce for over 5 years since registration and have attained incontestable status under 15 U.S.C. § 1065. ECF 40 at 12; ECF 40-2 at 2; ECF 40-12.

In this case, Defendant denied the protectability of the Marks in its affirmative defenses and counterclaims. ECF 35. However, Defendant has not come forward with any evidence to overcome the presumption of validity that Plaintiff has established protects its Marks. Therefore, Plaintiff has met its burden on the first

---

[3] Plaintiff also owns a registered trademark for "TEXAS TAMALE COMPANY" accompanied by a design element depicting an image of a food cart in the shape of a jalapeno pepper with an umbrella, but there is no contention that Defendant has used the image.

element of its trademark infringement claim.

### 3. Defendant's use of Plaintiff's Marks has caused consumer confusion.

To determine the likelihood of confusion, courts evaluate the following "digits" of confusion: (1) the strength of the plaintiff's trademark, (2) mark similarity, (3) product similarity, (4) outlet and purchaser identity, (5) advertising media similarity, (6) defendant's intent, (7) actual confusion, and (8) care exercised by potential purchasers. *Am. Rice, Inc.*, 518 F.3d at 329. "The absence or presence of any one factor ordinarily is not dispositive; indeed a finding of likelihood of confusion need not be supported by a majority of the . . . factors." *Id.* (citation omitted). The plaintiff's trademark and the mark used by the defendant do not need to be identical, but similar enough that a reasonable person could believe the two products have a common origin or association." *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221 (5th Cir. 2009); *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 454 (5th Cir. 2017)).

In this case, the "digits" of confusion lead to the conclusion as a matter of law that Defendant's use of the phrase "Texas Tamales" is likely to cause consumer confusion. The phrase "Texas Tamales," used by Defendant online, is almost identical to the registered Marks owned by Plaintiff. Defendant is using the mark

in connection with the sale of the same types of products as Plaintiff. Defendant has fomented consumer confusion by paying for prominent placement in search results for consumers searching for "Texas Tamale" and "Texas Tamales," as well as by using the phrase "Texas Tamales" in online advertisements. ECF 40-3; 40-4. There is no question that Defendant is aware of Plaintiff's Marks and the likelihood of confusion and has been since Plaintiff's 2014 enforcement actions that led Defendant to change its company name.

Moreover, Plaintiff has presented evidence that Defendant has sold its products to consumers who think they are buying Plaintiff's products. *See* ECF 40-5 (screen shots of messages from consumers mistaking having ordered from Texas Tamale Company instead of Defendant using the name Texas Tamales); ECF 40-12, ¶ 6. "[A]ctual confusion—constitutes the 'best evidence of a likelihood of confusion.'" *Future Proof Brands, L.L.C. v. Molson Coors Beverage Co.*, 982 F.3d 280, 289 (5th Cir. 2020). Plaintiff has met its burden to establish the second element of its trademark infringement action, likelihood of confusion, as a matter of law.

### B. Unfair Competition

#### 1. Legal Standards

Plaintiff asserts claims for unfair competition under the Lanham Act, 15 U.S.C. § 1125(a) and Texas common law. ECF 1 at ¶ 28. Under Texas law, "unfair

competition" is "the umbrella for all statutory and non[-]statutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters." *Boltex Mfg. Co., L.P. v. Ulma Piping USA Corp.*, 389 F. Supp. 3d 507, 519 (S.D. Tex. 2019) (quoting *Taylor Pub. Co. v. Jostens, Inc.*, 216 F.3d 465, 486 (5th Cir. 2000)).  Trademark infringement is deemed one such type of tort or illegal conduct. *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 287 (Tex. App.—Tyler 2021, pet. denied) (citing *U.S. Sporting Prods., Inc. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214, (Tex. App.—Waco 1993, writ denied).  Plaintiff's claims for unfair competition are governed by the same "likelihood of confusion" standard that governs its trademark infringement claims under the Lanham Act and Texas law. *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 484 (5th Cir. 2004).  Accordingly, a court's analysis of claims giving rise to trademark infringement may be dispositive of corresponding claims for unfair competition. *See Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 236 n.7 (5th Cir. 2010) ("A trademark infringement and unfair competition action under Texas common law presents essentially 'no difference in issues than those under federal trademark infringement actions.'") (citation omitted); *Stockdale Inv. Grp. Inc. v. Stockdale Cap. Partners, LLC*, No. 4:18-CV-2949, 2019 WL 5191526, at *2 n.2 (S.D. Tex. Oct. 15, 2019) (stating that "the same legal test applies" to

11

claims for federal trademark infringement and unfair competition under Texas common law) (citation omitted).

### 2. Plaintiff is Entitled Summary Judgment on its Unfair Competition Claim as a Matter of Law.

In the Fifth Circuit, a court's analysis of claims giving rise to trademark infringement may be dispositive of corresponding claims for unfair competition. *See Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 236 n.7 (5th Cir. 2010) (stating "[a] trademark infringement and unfair competition action under Texas common law presents essentially 'no difference in issues than those under federal trademark infringement actions.'") (citation omitted); *Stockdale Inv. Grp. Inc. v. Stockdale Cap. Partners, LLC*, No. 4:18-CV-2949, 2019 WL 5191526, at *2 n.2 (S.D. Tex. Oct. 15, 2019) (stating that "the same legal test applies" to claims for federal trademark infringement and unfair competition under Texas common law) (citation omitted). In this case, Plaintiff's unfair competition claim is based on the same facts and evidence as its Lanham Act and common law trademark infringement claims. Therefore, summary judgment is appropriate as to the Plaintiff's unfair competition claim.

### C. Defendant's Counterclaims

Defendant has asserted counterclaims for a declaration of non-infringement

and for cancellation of Plaintiff's Marks.  Having concluded that Plaintiff is entitled to judgment in its favor on its trademark infringement claims as a matter of law because Defendant has no evidence to overcome the presumption that Plaintiff's Marks are legally protectable or to counter Plaintiff's evidence of likelihood of confusion, Plaintiff is also entitled to summary judgment dismissing Defendant's counterclaims.

## IV.    Conclusion and Order

For the reasons discussed above, Plaintiff's Motion for Summary Judgment on Defendant's liability for trademark infringement and unfair competition and on Defendant's counterclaims for non-infringement and cancellation is GRANTED. The issues of injunctive relief, damages, and attorney's fees remain pending.

Signed on April 25, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge